IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00615-PAB-GPG

SARAH LEWIS,

    Plaintiff,

v.

PEABODY ROCKY MOUNTAIN SERVICES, LLC,

    Defendant.

**ORDER**

This matter is before the Court on plaintiff's Motion for Additional Time to Respond to Motion for Summary Judgment [Docket No. 31].

Plaintiff is a former employee of defendant. Docket No. 1 at 1, ¶ 1. Plaintiff brings claims for (1) Title VII gender discrimination, (2) Americans With Disabilities Act ("ADA") perceived-disability discrimination, (3) Family and Medical Leave Act ("FMLA") retaliation, and (4) wrongful termination in violation of Colorado's public policy. *Id.* at 4-6. Defendant has filed a motion for summary judgment on all of plaintiff's claims. *See generally* Docket No. 26.

After being granted a one-week extension to respond to defendant's summary judgment motion, plaintiff's response was due on June 18, 2021. Docket No. 30. On June 16, 2021, plaintiff filed a motion asking for a four-week extension of time to respond to the motion for summary judgment pursuant to Fed. R. Civ. P. 56(d). Docket No. 31 at 1. Defendant opposes the request for additional time. Docket No. 34. The

Court has vacated plaintiff's deadline to respond to the motion for summary judgment pending resolution of plaintiff's motion for an extension of time. Docket No. 33.

To succeed on a Rule 56(d) motion, "the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *See Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (citation omitted). "Summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* (alterations omitted) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). However, "relief under Rule 56(d) is not automatic." *Id.* (citation omitted).

The Court finds that plaintiff has not met her burden pursuant to Rule 56(d). Plaintiff's motion states that the probable facts she will obtain are when Candice Trujillo was hired for a Facility Technician position and whether Ms. Trujillo had an Emergency Medical Technician ("EMT") certification. Docket No. 31-1 at 1, ¶¶ 1-4. Plaintiff argues that these facts will show that defendant's justification for not hiring plaintiff for the Facility Technician position was pretextual because, though plaintiff did not have an EMT certification, neither did Ms. Trujillo. Docket No. 1 at 3. Plaintiff further explains that she has been unable to obtain a declaration from Ms. Trujillo regarding Ms. Trujillo's date of hire and EMT certification status because Ms. Trujillo is on maternity leave and her child is in the hospital with a serious medical condition. Docket No. 31 at 2. When plaintiff asked defendant for a copy of Ms. Trujillo's personnel file as an

2

alternative means to verify her hire date and EMT certification, defense counsel declined on the basis that discovery was closed. *Id.* at 2-3.

Under Rule 56(d), plaintiff must allege why the information sought would be sufficient to create a genuine issue of material fact to defeat summary judgment. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). Plaintiff argues that a declaration from Ms. Trujillo regarding her hire date and lack of EMT certification will "dispose[] of the summary judgment motion," Docket No. 31 at 3, but does not say how. Defendant's summary judgment motion references plaintiff's lack of EMT certification when arguing that the Court should dismiss plaintiff's Title VII gender discrimination claim. *See* Docket No. 26 at 13. However, plaintiff's Rule 56(d) motion does not attempt to rebut defendant's argument that plaintiff cannot credibly claim sex discrimination when the position she was denied was filled by a member of the same protected class. *Compare id.* (making this argument in defendant's motion for summary judgment), *with* Docket No. 31 (failing to address this argument in plaintiff's Rule 56(d) motion).

Additionally, plaintiff does not explain why she first tried to obtain a declaration from Ms. Trujillo after defendant filed its motion for summary judgment. The Rule 30(b)(6) deposition topics for defendant's representative included "why and when an EMT certification became a requirement or preference for a facility tech position" and "why plaintiff was denied training for an EMT certification." Docket No. 34-2 at 2, ¶ 2. At the deposition, defendant's representative was asked, "[d]o you know when

Candace[1] was hired in a facility tech position as a contractor?" Docket No. 34-3 at 4. Though defendant's representative did not know the answer to the question, *id.*, it indicates that plaintiff was aware of Ms. Trujillo and that she may be relevant to this lawsuit.

The Court finds that plaintiff has not shown why the information sought would defeat summary judgment or why plaintiff did not attempt to obtain information relating to Ms. Trujillo's EMT certification before discovery closed, when she was aware at least a month before defendant's motion for summary judgment both that the reason given for denying plaintiff the Facility Technician position was the EMT certification requirement and that Ms. Trujillo was a Facility Technician.

It is therefore

**ORDERED** that plaintiff's Motion for Additional Time to Respond to Motion for Summary Judgment [Docket No. 31] is **DENIED**. It is further

---

[1] The Court understands the reference to "Candace" to be Ms. Trujillo despite the fact that the spelling of Ms. Trujillo's first name in the deposition transcript differs from how it is spelled in plaintiff's Rule 56(d) motion.

**ORDERED** that plaintiff shall respond to defendant's Motion for Summary Judgment [Docket No. 26] on or before **June 25, 2021**.[2]

DATED June 21, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] Plaintiff's reply in support of his Rule 56(d) motion essentially asks the Court to grant him an extension of time even if it denies his Rule 56(d) motion. *See* Docket No. 35 at 2 (informing the Court that plaintiff's counsel is in a hearing June 22-24 and on vacation June 28-July 8). Plaintiff's response was originally due June 11, 2021, but the Court granted plaintiff's request for a one-week extension. Docket No. 30. On June 16, 2021, plaintiff filed the instant motion requesting a four-week extension in order to obtain Ms. Trujillo's declaration. Docket No. 31. The Court vacated plaintiff's deadline to respond to the motion for summary judgment until the Court ruled on the Rule 56(d) motion. Docket No. 33. Having determined that the Rule 56(d) motion should be denied, the Court sees no reason to nevertheless grant a further extension of time for plaintiff to respond.