IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00615-PAB-GPG

SARAH LEWIS,

    Plaintiff,

v.

PEABODY ROCKY MOUNTAIN SERVICES, LLC,

    Defendant.

---

# ORDER

---

This matter is before the Court on defendant's Motion for Summary Judgment. Docket No. 26.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.  BACKGROUND[1]

This case arises from plaintiff Sarah Lewis' termination from her position as a "beltman" for defendant, Peabody Rocky Mountain Services, LLC, at Twentymile Mine, an underground coal mine, in Routt County, Colorado. Docket No. 26 at 3, ¶¶ 1-2.  On March 4, 2020, plaintiff filed a complaint alleging that defendant violated her rights under Title VII by engaging in sex discrimination and under 42 U.S.C. § 12112 for engaging in perceived-disability discrimination.  Docket No. 1.[2]  On May 21, 2021

---

[1] The following facts are undisputed unless otherwise indicated.
[2] Plaintiff's complaint also asserts claims for FMLA retaliation and wrongful termination in violation of public policy.  Docket No. 1 at 6.  In her response to defendant's motion, plaintiff agrees to dismiss these claims.  Docket No. 37 at 2 n.1. The Court will therefore dismiss both claims.

1

defendant filed a motion for summary judgment on all of plaintiff's claims.  Docket No. 26.

Defendant requires all new hires in underground safety sensitive positions, such as beltman,[3] to take a Fitness for Duty Exam ("FFDE").  *Id.* at 3, ¶¶ 1, 3.  The examination included various physical tasks, including the subject lifting eighty pounds over his or her head.  *Id.,* ¶ 3.  Advanced Ergonomics, an independent third-party hired by defendant, recommended the FFDE for new employees and employees that had been out of work for at least ninety days.  *Id.* at 4, ¶ 8.  Several employees who could not pass the FFDE after a leave of absence were not permitted to return to work.  *Id.* at 8, ¶ 30.

When plaintiff first began working for defendant in 2010, she took and passed the FFDE.  *Id.* at 3, ¶ 4.  Plaintiff left work on December 8, 2017 to undergo surgery on her shoulder.  *Id.* at 6, ¶ 18.  From December 2017 to June 5, 2018, plaintiff took approved short-term disability leave.  Docket No. 26 at 6, ¶ 19.  On June 6, 2018, plaintiff's short term disability leave ended, and she was converted to long term disability leave.  *Id.*  Defendant's employee policy states:

> If you qualify for Short Term Disability benefits, Worker's Compensation, or a leave of absence due to your [own] medical condition, you are required to present a release to return to work from your healthcare provider prior to being allowed to return to work.  Additionally, management reserves the right to request a physical capability assessment and/or a return to work authorization based on the circumstances of any absence.

---

[3] A beltman is primarily responsible for shoveling coal accumulations in a mine. Docket No. 26 at 3, ¶ 1.

2

Docket No. 37 at 2 (quoting 26-5 at 3).[4]

On May 29, 2018, plaintiff provided defendant with a note from her doctor stating that she could return to work with a wrist splint. Docket No. 26 at 7, ¶ 20. After receiving the note from Dr. Michael Sisk, plaintiff's doctor, defendant arranged for plaintiff to visit Dr. Frederick Scherr, a workers' compensation doctor, who informed plaintiff that defendant required plaintiff to pass the FFDE before returning to work. *Id.*, ¶ 22. Plaintiff took and failed the FFDE several times between August 2018 and February 2019. *Id.*, ¶ 22-23. Specifically, plaintiff could not lift eighty pounds above her head. *Id.* at 7-8, ¶¶ 23, 25. After a failed attempt in January 2019, the workers' compensation doctor informed plaintiff that, if she could not pass the FFDE by the end of the month, her case would be closed. *Id.* at 7-8, ¶ 25. Plaintiff failed the FFDE again in March 2019. *Id.* at 8, ¶ 26. Dr. Sisk stated that she could not pass the physical exam. *Id.*, ¶ 27. Plaintiff was terminated in March 2019. Docket No. 37 at 6, ¶ 42.

In 2018, plaintiff asked about working for defendant as a Faculty Technician, a job that did not require her to pass an FFDE. Docket No. 26 at 9, ¶ 32. In July 2018, defendant required EMT certification for facility technicians. *Id.*, ¶ 33. Plaintiff is not EMT certified. *Id.* "Between May 2018 and June 2019, there was only one Facility Technician opening at the mine," and it was filled by a woman with EMT certification. *Id.*, ¶ 34. There were no open positions for which plaintiff was qualified from May 2018 through February 2019. *Id.*, ¶ 35.[5] There were open positions as a surface haul truck

---

[4] The parties do not dispute that this is the language of defendant's employee policy, but the parties dispute whether this language requires an 80 pound lift for a beltman. *See* Docket No. 26 at 4, ¶ 5; Docket No. 37 at 2, ¶ 5; Docket No. 40 at 3, ¶ 5.
[5] Plaintiff does not admit or deny this fact. *See* Docket No. 37 at 4, ¶ 35. Federal Rule of Civil Procedure 56(e)(2) permits a court to deem a fact not "properly

driver and a position in the wash plant that plaintiff was qualified to fill. Docket No. 37 at 4, ¶ 35. Plaintiff asserts that she asked to fill any open position several times. *Id.* at 6, ¶ 43.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving

---

address[ed]" as "undisputed for purposes of the motion." *See* Fed. R. Civ. P. 56(e)(2); *see also* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.F.3.b.iv (stating that a denial must be accompanied by a "specific reference to material in the record supporting the denial"); *see also id.*, § III.F.3.b.ix ("Failure to follow these procedures . . . may cause the Court to deem certain facts as admitted."). Given that plaintiff does not admit or deny the statement, the statement is deemed admitted.

party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

### A. Sex Discrimination

Plaintiff asserts a claim for sex discrimination in violation of Title VII of the Civil Rights Act. Docket No. 1 at 4-5. Title VII makes it unlawful "for an employer . . . to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a)(1). Plaintiff makes two claims of disparate treatment based on her sex, one regarding her termination and the other regarding defendant's failure to reassign or hire her into a new position in the company. *See* Docket No. 26 at 10, 13. Disparate treatment can be demonstrated either by "direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic" or by "using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 212 (2015). Plaintiff does not contend there is any evidence of direct discrimination in her termination or lack of reassignment, *see* Docket No. 37 at 7-9, and

5

as a result, the Court applies the *McDonnell Douglas* three-step burden shifting framework to her claims. See *Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 884 (10th Cir. 2018) (citing *Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1315-16 (10th Cir. 2017)). Under the first step, plaintiff must "establish a prima facie case of discrimination." *Id.* (citing *Bird v. W. Valley City*, 832 F.3d 1188, 1200 (10th Cir. 2016)). If plaintiff succeeds in making a prima facie case, the second step requires defendant "to articulate a legitimate, nondiscriminatory reason" for defendant's actions. See *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007). At the third step, the burden shifts back to plaintiff to "show [that] there is a genuine issue of material fact as to whether the proffered reasons are pretextual." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005).

Plaintiff claims that she was subjected to sex discrimination when she was terminated from her job despite being qualified. Docket No. 1 at 4, ¶ 19. Defendant argues that it is undisputed that plaintiff was not qualified for her job so plaintiff cannot make out a prima facie case. Docket No. 26 at 10. Under the first step of the *McDonnel Douglas* framework for a claim of wrongful termination, a plaintiff must demonstrate that she is (1) "a member of a protected class (2) who was terminated (3) despite being qualified for her position, and (4) the job wasn't eliminated." *Fassbender*, 890 F.3d at 884. While plaintiff's burden at step one is "not onerous," she still must "show[] actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under Title VII." See *Young*, 575 U.S. at 228 (citations and quotations omitted). There is no dispute that plaintiff is a member of a protected

6

class as a woman, that she was terminated, and that her job was not eliminated. Rather, defendant claims plaintiff cannot make out a prima facie case because she could not pass the FFDE and was therefore not qualified. *See* Docket No. 26 at 11. Plaintiff argues that the qualifications for her position are disputed because (1) passing the FFDE is not an actual requirement, (2) defendant's statement that the FFDE is required for any employee who is gone ninety days is different from the standard the workers' compensation doctor stated, and (3) it is disputed whether the FFDE was administered to plaintiff fairly. Docket No. 37 at 7-8.

As to plaintiff's first argument, that passing the FFDE is an actual job requirement, defendant's employee policy reserves the right to require physical capacity testing after a private doctor clears an employee to return to work. Docket No. 37 at 2. Plaintiff does not provide evidence to explain why this could not include the FFDE or an eighty-pound lift. *See id*. at 7-8. She admits that a private firm recommended that defendant require an eighty-pound lift for the position and that such requirement existed when plaintiff was hired. *Id.* at 3. She also admits that other employees who could not pass the FFDE were not allowed to return to work. Docket No. 26 at 8, ¶ 30. Moreover, plaintiff does not dispute that defendant's description of the requirements of a beltman employee require this ability. *Id.* at 3, ¶ 3. Plaintiff claims only that the lift was not necessary because she did not personally lift eighty pounds over her head in the eight-years she held the job prior to her surgery. Docket No. 37 at 3. However, whether or not plaintiff actually lifted that amount over her head on the job does not call into dispute defendant's requirement that employees must have the ability to lift eighty pounds over their head. Plaintiff does not identify any facts that create a dispute over the need for

7

the ability to lift eighty pounds and admits defendant's undisputed facts justifying the need for this requirement; her focus on the frequency of the task in the job does not create a factual dispute. *See Adair v. City of Muskogee*, 823 F.3d 1297, 1309-10 (10th Cir. 2016) (collecting cases ruling that infrequency of the performance of a job function is insufficient to demonstrate that a function is not essential).

Second, plaintiff argues that it is disputed that the FFDE was a job requirement because her own doctor told her she was cleared to return to work and she did not know she would have to take the FFDE until the workers' compensation doctor told her. Docket No. 37 at 7-8. However, as noted above, the employee policy states that testing could be required in addition to clearance provided by a private doctor. *Id.* at 2. Plaintiff's argument is based on her own affidavit, which she attached to her response to defendant's motion for summary judgment. *See id.* at 7-8; Docket No. 37-1. Plaintiff does not claim she was told she did not need to pass the FFDE at any time. *See* Docket No. 37 at 7-8. In her affidavit, although she states the workers' compensation doctor was the first to tell her she needed to take the FFDE, she also states she expected she would have to pass the FFDE. Docket No. 37-1 at 1, ¶ 3. The facts plaintiff identifies do not create a dispute that employees who have been on leave more than ninety days must complete the FFDE. *See* Docket No. 37 at 7-8. The FFDE can be required for workers' compensation and long-term disability leave simultaneously. In summary, plaintiff does not identify any facts that create a dispute regarding whether the FFDE was required for her position after a leave of more than ninety days. Docket No 26 at 4, ¶ 6.

In plaintiff's response, she asserts that Dr. Scherr administered the eighty-pound lift test unfairly. Docket No. 37 at 5, ¶ 40 (citing Docket No. 37-1 at 2, ¶ 5). Plaintiff does not identify when Dr. Scherr administered the FFDE unfairly or whether that occurred all seven times she failed the FFDE. See *id.*; Docket No. 37-1 at 2, ¶ 6. Although plaintiff states in her affidavit that she was able to do an eighty-pound lift outside of a doctor's office, Docket No. 37-1 at 2, ¶ 5, plaintiff does not present evidence that she did or could pass a properly administered FFDE, Docket No. 37 at 5, and admits her personal doctor said she could not pass the FFDE. Docket No. 26 at 8, ¶ 27. Because plaintiff does not present evidence that she could pass the FFDE, *id.* at 7, ¶ 24, the fact that she believes the FFDE could have been administered unfairly is not relevant to whether she was qualified for her job. Given that plaintiff fails to dispute that passing the FFDE was not a requirement of her job or create a dispute as to whether she could pass it, plaintiff cannot make out a prima facie case.

Even if plaintiff could make out a prima facie case, defendant has met its burden at step two of offering a legitimate, nondiscriminatory reason for plaintiff's discharge, *PVNF*, 487 F.3d at 800, namely, plaintiff's inability to pass the FFDE. See Docket No. 26 at 12. The burden then switches to plaintiff to show that these reasons are pretextual. *White*, 405 F.3d at 1099. The Court finds that plaintiff has not met her burden.

A plaintiff can demonstrate pretext by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d

1232, 1242 (10th Cir. 2002) (citations omitted). Typically, a plaintiff will do this in one of three ways: (1) the defendant's stated reason for the adverse employment action was false; (2) the defendant acted contrary to a written company policy; or (3) the defendant acted contrary to an unwritten policy or practice. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

For the reasons discussed above, requiring plaintiff to pass the FFDE was not inconsistent with defendant's policies. Additionally, because plaintiff does not demonstrate she could pass the FFDE, Docket No. 37 at 8, ¶ 24, she also does not show that the reason for her termination was false. Even if plaintiff can establish that the FFDE was not administered fairly and that she could have passed, the question is whether the reasons that defendant cites for plaintiff's discharge are pretextual and "whether the employer honestly believed its reasons and acted in good faith upon them." *See Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1268 (10th Cir. 2005) (citation omitted). Plaintiff does not identify any facts that create a factual dispute concerning defendant's belief that plaintiff was unable to pass the FFDE. *See* Docket No. 37 at 7-8. Even if plaintiff had made a prima facie case, she has failed to demonstrate that defendant's proffered reasons for terminating plaintiff are mere pretext, and defendant is entitled to summary judgment as to the first grounds of plaintiff's sex discrimination claim.

Independent of her sex discrimination claim based on her termination, plaintiff also argues that defendant discriminated against her by not finding a position for plaintiff to fill that did not require the FFDE. Docket No. 1 at 3 ¶ 11. Defendant argues there were no open positions for which plaintiff was qualified. Docket No. 26 at 9, ¶ 35. A

prima facie case for failure to rehire requires: "(i) plaintiff belongs to a protected class; (ii) plaintiff 'applied and was qualified for a job for which the employer was seeking applicants'; (iii) despite being qualified, the plaintiff was rejected; and (iv) after plaintiff's rejection, 'the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications.'" *Kendrick*, 220 F.3d at 1226 (quoting *McDonnell Douglas*, 411 U.S. at 802).

It is undisputed plaintiff belongs to a protected class. In terms of her being qualified, plaintiff states that defendant was seeking applicants for a facility tech position[6], a surface haul-truck driver, and a position in the wash plant that she was qualified for. Docket No. 37 at 8. Plaintiff states that she "had filled in" for all three positions in her affidavit. Docket No. 37 at 4. However, it is undisputed that plaintiff was not qualified for these positions. Docket No. 26 at 9, ¶ 35. "Material factual disputes cannot be resolved at summary judgment based on conflicting affidavits. To come within the protection of this rule, . . . the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Hall v. Bellmon* 935 F.2d 1106, 1111 (10th Cir. 1991) (citations omitted). Plaintiff does not present admissible evidence about what the requirements of the surface haul-truck or wash plant jobs were. Docket No. 37 at 8; Docket No. 37-1 at 2, ¶ 8. Plaintiff's affidavit is based only on her experience filling in for these positions temporarily. Docket No. 37-1 at 2, ¶ 8. Without facts identifying the qualifications for these positions, the conclusory statement that "I

---

[6] Plaintiff admits that, at the time the facility tech position was available, defendant was required EMT certification for the position, which she did not have. Docket No. 26 at 9, ¶ 33; Docket No. 37 at 2.

know I was qualified for them," Docket No. 37-1 at 2, is not sufficient to create a genuine issue of material fact that she was qualified.  Additionally, plaintiff does not identify any facts that show that defendant continued to seek applications from persons of plaintiff's qualifications after rejecting plaintiff.  See Docket No. 37 at 8.  Because she does not identify sufficient facts to support two of the necessary elements of a prima facie case for failure to rehire, summary judgment is appropriate.  Given that plaintiff fails to make a prima facie case of sex discrimination, defendant is entitled to summary judgment on plaintiff's sex discrimination claim.

### B.  Perceived Disability Discrimination

Plaintiff also brings a claim for perceived disability discrimination in violation of 42 U.S.C. § 12101 et seq (the "ADA").  Docket No. 1 at 5.  A prima facie case of discrimination under the ADA, requires that a plaintiff show "(1) [s]he is disabled as defined under the ADA[]; (2) [s]he is qualified, with or without reasonable accommodation by the employer, to perform the essential functions of the job; and (3) [s]he was discriminated against because of h[er] disability."  Adair, 823 F.3d at 1304.  In order to demonstrate that plaintiff is "regarded as" disabled, plaintiff must establish "that . . . she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment *whether or not the impairment limits or is perceived to limit a major life activity.*"  Id. at 1305 (quoting 42 U.S.C. § 12102(3)(A)) (emphasis in original)).  In other words, "an impairment under § 12102(1)(C) need not limit or even be perceived as limiting a major life activity – the employer need only regard the employee as being impaired, whether or not the employer also believed that the impairment prevented the employee from being able to

perform a major life activity." *Id.* at 1305-06.[7]  Defendant argues plaintiff was indisputably unqualified for her position.  Docket No. 26 at 13.  Plaintiff argues that she was qualified for her position under the same analysis as her claim for sex discrimination.  Docket No. 37 at 9.  Under the ADA, a "'qualified individual' is 'an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'"  *Adair*, 823 F.3d at 1307 (quoting 42 U.S.C. § 12111(8)).  For the same reasons that plaintiff fails to dispute that the ability to lift eighty pounds is a requirement of the beltman job in her sex discrimination claim, she fails to identify facts that demonstrate it is disputed that the eighty-pound lift requirement is an essential function of the job of beltman or that she can do this essential function.  *See Adair*, 823 F.3d at 1309-10 ("[Plaintiff] offers nothing but his personal experience to argue that his role does not require him to lift heavy objects.  That's not enough.").

After determining an individual cannot perform an essential function of her job under a disability discrimination claim, the next piece in establishing the second element of a prima facie case is whether the employer should have reasonably accommodated the employee.   A reasonable accommodation can include accommodating an individual in her position or "reassignment to a vacant position." 42 U.S.C. § 12111(9)(B).  Plaintiff does not claim she asked defendant for a reasonable accommodation, but does argue that she asked for a reassignment to any position that became open.  Docket No. 37 at 6.  Using the framework of *McDonnell Douglas*, to survive summary judgment and

---

[7] Defendant does not argue that it is undisputed plaintiff has failed to show the first element of her claim, that she is disabled as defined by the ADA.  *See* Docket No. 26 at 13.

make out a prima facie claim for a failure to accommodate by offering reassignment, a plaintiff must show:

> (1) The employee is a disabled person within the meaning of the ADA and has made any resulting limitations from his or her disability known to the employer;
> (2) The preferred option of accommodation within the employee's existing job cannot reasonably be accomplished;
> (3) The employee requested the employer reasonably to accommodate his or her disability by reassignment to a vacant position, which the employee may identify at the outset or which the employee may request the employer identify through an interactive process, in which the employee in good faith was willing to, or did, cooperate;
> (4) The employee was qualified, with or without reasonable accommodation, to perform one or more appropriate vacant jobs within the company that the employee must, at the time of the summary judgment proceeding, specifically identify and show were available within the company at or about the time the request for reassignment was made; and
> (5) The employee suffered injury because the employer did not offer to reassign the employee to any appropriate vacant position.

*Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1179 (10th Cir. 1999). Plaintiff does not identify any material disputed facts regarding the fourth element of a failure to accommodate by offering reassignment claim because she cannot establish that she was qualified for her job. Accordingly, she cannot establish a prima facie case for perceived disability discrimination and summary judgment is appropriately granted as to that claim.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's third and fourth claims for FMLA retaliation and worker's compensation retaliation are **DISMISSED with prejudice**. It is further

**ORDERED** that defendant's Motion for Summary Judgment [Docket No. 26] is **GRANTED**. It is further

**ORDERED** that plaintiff's first and second claims for sex discrimination and perceived disability discrimination are **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED September 15, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

.